J-A33037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DANIEL SHELLEY, :
:
Appellant : No. 3029 EDA 2014

Appeal from the Judgment of Sentence April 3, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001363-2012

BEFORE: FORD ELLIOTT, P.J.E., STABILE, STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JANUARY 12, 2016**

Daniel Shelley (Appellant) appeals from the judgment of sentence entered on April 3, 2013, following the entry of his guilty plea to the crimes of third-degree murder and firearms not to be carried without a license. We affirm.

On October 11, 2012, Appellant was charged in the shooting death of Hafeeza Nurid-Din, a bystander who was struck and killed during Appellant's ill-fated attempt to exact revenge on the man he believed had shot his brother. On April 3, 2013, Appellant entered into a negotiated guilty plea to the aforementioned charges and the court imposed the agreed-upon aggregate sentence of 22½ to 45 years of imprisonment. Appellant's counsel timely filed a motion seeking to withdraw Appellant's guilty plea, which was denied by the trial court on April 17, 2013. No direct appeal was taken.

* Retired Senior Judge assigned to the Superior Court.

On April 19, 2014, Appellant, through new counsel, timely filed a petition pursuant to the Post-Conviction Relief Act (PCRA).[1] By order dated September 22, 2014, the trial court reinstated Appellant's direct appeal rights. This timely appeal followed. The trial court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises four issues, each of which challenges the validity of his guilty plea colloquy. Appellant's Brief at 6. No relief is due.

It is well-established that

[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

Likewise:

Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the

---

[1] 42 Pa.C.S. §§ 9541-9546.

discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

***Commonwealth v. Lincoln***, 72 A.3d 606, 609–10 (Pa. Super. 2013) (some citations and punctuation omitted).

The record before us reveals that Appellant did not object during his plea colloquy. Moreover, in his timely filed post-sentence motion seeking to withdraw his plea, Appellant failed to assert the grounds for withdrawal upon which he now relies. Because these issues are not preserved properly and have been raised for the first time on appeal, Appellant's claims are waived. ***Lincoln***, 72 A.3d 609–10.[2] Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016

---

[2] We note that Appellant's counsel conceded waiver at oral argument.